UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| ROBERT GRIMM,<br>Plaintiff | : <br>: 3: 03CV00725(DJS)<br>: |
| VS. | : <br>: |
| JOHN KRUPINSKY,<br>Defendant | : <br>: JANUARY 15, 2004 |

## BRIEF IN OPPOSITION TO MOTION FOR SUMMARY JUDGEMENT

In May of 1999, the plaintiff's then estranged wife complained to the defendant that the plaintiff was continually calling her and leaving her gifts and other items in an attempt to repair the damage to their marriage. The plaintiff's then wife explained to the defendant that she had no interest in reconciliation.

Defendant Krupinsky thereafter called the plaintiff and sent the plaintiff a registered letter placing the plaintiff on notice that he was not to enter the property at which his then-wife resided. The defendant also warned the plaintiff against calling his then-wife, placing items in her mailbox or waiting for her near her residence or any location.

On or about July 21, 1999, the defendant signed an arrest warrant affidavit in which he accused the plaintiff of harassing his then-wife. The defendant's affidavit failed to include the true content of communications from the plaintiff that he loved his

1

then-wife, wished for reconciliation, and he wished for nothing more than her future happiness.

Within days of completing the arrest warrant affidavit complained of above, the defendant received a telephone call that the plaintiff had been observed entering a car in the driveway of his then-wife's residence. He then filed another arrest warrant affidavit and caused the plaintiff to be arrested on additional charges while the plaintiff was in court to answer the first set of charges.

The defendant failed in this second affidavit to include such pertinent, material, and exculpatory facts as that the car the plaintiff was observed to have entered belonged to him, that the car was parked in a public area, and that the plaintiff's then wife lived in a multiple family home.

The defendant also failed to state that Mrs. Grimm was not home at the time of this incident with the car, that Mrs. Grimm never spoke to the police about this incident, nor did she ever make any kind of complaint. In addition she never asked that her husband be arrested as a result of his actions.

All criminal cases arising from these two warrants were nolle'd on September 11, 2000, in the Superior Court for the State of Connecticut at Danbury.

The plaintiff thereafter brought this action, alleging that the defendant subjected him to malicious prosecution and false arrest, in violation of the protections afforded by the Fourth Amendment to the United States Constitution.

The defendants now move for summary judgment. They claim that probable cause existed as a matter of law to support the defendant's decisions to seek arrest warrant applications for the plaintiff, the defendant is protected from liability by the doctrine of qualified immunity, and the defendants claim that plaintiff's malicious prosecution claim is barred since his underlying criminal charges did not result in a "favorable termination."

When passing upon a motion for summary judgment, the court may not resolve factual disputes or make credibility determinations, even if the case is one which eventually will be tried without a jury. In re Unisys Savings Plan Litigation, 74 F.3d 420 (3d Cir. 1996). Rather, the court must resolve any ambiguities and draw all inferences against the moving party. Appleton v. Board of Education, 254 Conn. 205, 757 A.2d 1059 (2000); Cargill, Inc. v. Charles Kowsky Resources, Inc., 949 F.2d 51 (2d Cir. 1991). The evidence of the party against whom summary judgment is sought must be believed. Revak v. SEC Realty Corp., 18 F.3d 81 (2d Cir. 1994). The court must construe the evidence in the light most favorable to the party opposing summary judgment and deny the motion unless no construction of the evidence could support judgment in the plaintiff's favor. Appleton, supra; Adickes v. S. H. Kress & Co., 398 U.S. 144, 157 (1970); Olin Corp. v. Consolidated Aluminum Corp., 5 F.3d 10, 14 (2d Cir. 1993); United States v. Certain Funds on Deposit in Scudder Tax Free Investment Account #2505103, 998 F.2d 129 (2d Cir. 1993); Union Pacific Corp. v. United States, 5

F.3d 523, 525 (Fed. Cir. 1993); Suarez v. Dickmont Plastics Corp., 229 Conn. 99, 105 (1994); D.H.R. Construction Co. v. Donnelly, 180 Conn. 430, 434 (1980); Connell v. Colwell, 214 Conn. 242, 246-47 (1990). "If, as to the issue on which summary judgment is sought, there is any evidence in the record from which a reasonable inference could be drawn in favor of the opposing party, summary judgment is improper." Gummo v. Village of Depew, 75 F.3d 98, 107 (2d Cir. 1996).

To raise a genuine issue of material fact sufficient to defeat a summary judgment motion, the opponent need not match, item for item, each piece of evidence proffered by the moving party. So long as the opponent has offered enough evidence to exceed the "mere scintilla" threshold, summary judgment is to be denied. In re Unisys Savings Plan Litigation, supra, 74 F.3d 420, 433.

Even if the nonmoving party's evidence appears "implausible," the court may not "weigh" the evidence and must proceed with the greatest caution. R. B. Ventures, Ltd. v. Shane, 112 F.3d 54, 58-59 (2d Cir. 1997). "If reasonable minds could differ as to the import of the evidence...and if...there is any evidence in the record from any source from which a reasonable inference in the nonmoving party's favor may be drawn, the moving party simply cannot obtain a summary judgment." Id. at 59, quoting Brady v. Town of Colchester, 863 F.2d 205, 211 (2d Cir. 1988), and In re Japanese Elec Prods. Antitrust Litigation, 723 F.2d 238 (3d Cir. 1983) (internal quotation marks omitted).

"A dispute regarding a material fact is genuine 'if the evidence is such that a

reasonable jury could return a verdict for the non moving party.' Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Thus, '[i]f, as to the issue on which summary judgment is sought, there is any evidence in the record from which a reasonable inference could be drawn in favor of the opposing party, summary judgment is improper.'" Lazard Freres & Co. v. Protective Life Ins. Co., 108 F.3d 1531, 1535 (2d Cir. 1997). Citing Gummo v. Village of Depew, 75 F.3d 98, 107 (2d Cir. 1996).

In this case, there is sufficient evidence both to support the plaintiff's claims and to require that the defendant's motion be denied. Defendant Krupinsky left out several pertinent facts regarding this case in his warrant applications. He failed to inform the judge of the on-going divorce proceedings, and he failed to disclose the true content of the communications (that the plaintiff loved his wife and wished for her future happiness). In addition the Defendant failed to conduct an adequate investigation as to the true owner of the car in question.

An officer making a probable cause assessment must consider all of the information available to him, not merely that information which supports the arrest. Painter v. Robertson, 185 F.3d 557, 571 (6th Cir. 1999); Baptiste v. J.C. Penney Co., 147 F.3d 1242 (10th Cir. 1998). In this case, the plaintiff's evidence would permit a jury to find that the defendant omitted evidence supporting the plaintiff's innocence from his affidavit, misrepresented evidence tending to suggest guilt.

It has long been established that the intentional submission of material false

5

information to a magistrate in order to obtain a warrant, which violates <u>Franks v. Delaware</u>, 438 U.S. 154 (1978), is actionable under Section 1983. If the violation involves issuance of an arrest warrant, the basis of the suit is malicious prosecution. If it involves issuance of a search warrant, the basis of suit is search and seizure without probable cause. E.g., <u>Aponte Matos v. Toledo Davila</u>, 135 F.3d 182 (1st Cir. 1998); <u>Lombardi v. City of El Cajon</u>, 117 F.3d 1117 (9th Cir. 1997); <u>Hervey v. Estes</u>, 65 F.3d 784 (9th Cir. 1995); <u>Clanton v. Cooper</u>, 129 F.3d 1147 (10th Cir. 1997); <u>Breidenbach v. Bolish</u>, 126 F.3d 1288 (10th Cir. 1997); <u>Bruning v. Pixler</u>, 949 F.2d 352 (10th Cir. 1991); <u>DeLoach v. Byers</u>, 922 F.2d 618, 621-22 (10th Cir. 1990); <u>Kelly v. Curtis</u>, 21 F.3d 1544 (11th Cir. 1994). See also <u>Stewart v. Donges</u>, 915 F.2d 572 (10th Cir. 1990). "A plaintiff 'must make (1) a substantial showing of deliberate falsehood or reckless disregard for the truth, and (2) establish that but for the dishonesty, the challenged action would not have occurred. If a plaintiff satisfies these requirements, the matter should go to trial.'...Materiality is for the court, state of mind is for the jury." <u>Butler v. Elle</u>, 281 F.3d 1014, 1024 (9th Cir. 2002) (citations omitted).

In <u>Golino v. City of New Haven</u>, 950 F.2d 864, 870-72 (2d Cir. 1991), the Second Circuit held that the reckless omission of material exculpatory information from an arrest warrant affidavit is actionable under Section 1983. The Court went on to hold that recklessness may be inferred when the omitted information was critical to the determination of probable cause. That being so, the Court went on to hold that

qualified immunity was not available to the defendant police officers. Cf., Mendocino Environmental Center v. Mendocino County, 192 F.3d 1283, 1295 (9th Cir. 1999) ["a police officer who recklessly or knowingly includes false material information in, or omits material information from, a search warrant affidavit 'cannot be said to have acted in an objectively reasonable manner, and the shield of qualified immunity is lost'" quoting Branch v. Tunnell, 937 F.2d 1382, 1387 (9th Cir. 1991)]; Liston v. County of Riverside, 120 F.3d 965 (9th Cir. 1997); Ham v. Greene, 248 Conn. 508, 729 A.2d 740, cert. denied sub nom. Greene v. Ham, 120 S. Ct. 326 (1999).  See also Soares v. State of Connecticut Dept. of Environmental Protection, 8 F.3d 917, 920 (2d Cir. 1993); LoSacco v. City of Middletown, 822 F. Supp. 870 (D. Conn. 1993) (qualified immunity defense not available if plaintiff establishes intentional or reckless omissions of material information from a warrant affidavit); Reese v. Garcia, 115 F. Supp. 2d 284, 295-96 (D. Conn. 2000).

The elements of a malicious prosecution case, whether under the Fourth Amendment or under state law, are "(1) the defendant either commenced or continued a criminal proceeding against [the plaintiff]; (2) that the proceeding terminated in his favor; (3) that there was no probable cause for the criminal proceeding; and (4) that the criminal proceeding was instituted with actual malice." Posr v. Doherty, 944 F.2d 91, 100 (2d Cir. 1991); Bonide Products, Inc. v. Cahill, 223 F.3d 141, 145 (2d Cir. 2000)

A critical issue in malicious prosecution litigation is whether the underlying state

court prosecution truly was favorably terminated. Ordinarily, this question is one of state law. Janetka v. Dabe, supra, 892 F.2d at 189; Conway v. Village of Mt. Kisco, 750 F.2d 205, 214 (2d Cir. 1984); Reed v. City of Chicago, 77 F.3d 1049 (7th Cir. 1996). See also Easton v. Sundram, 947 F.2d 1011, 1017 (2d Cir. 1991). In Russell v. Smith, 68 F.3d 33, 36 (2d Cir. 1995), the court recognized that "a claim of malicious prosecution brought under section 1983 is governed by state law."

Connecticut courts have had a very liberal view of what sorts of dispositions are sufficiently "favorable" to allow vexatious litigation or malicious prosecution suits. Essentially, it has been the Connecticut position that any disposition, not purchased by the defendant in the original action, which results in no recovery to the original plaintiff is "favorable" for these purposes. See, e.g., DeLaurentis v. City of New Haven, 220 Conn. 225, 249-50, 597 A.2d 807 (1991); See v. Gosselin, 133 Conn. 158, 48 A.2d 560 (1946). "Actual innocence...is not required for a common law favorable termination." Uboh v. Reno, 141 F.3d 1000, 1005 (11th Cir. 1998), citing Restatement of the Law of Torts, sections 659 and 660 (1938). The court implied that doubts about whether a favorable termination is "favorable" for malicious prosecution purposes should be resolved in favor of the plaintiff and that the defendant should have to bear some kind of burden of proving that the disposition was not favorable. ("We find nothing in the record to suggest that the prosecutor's request to withdraw all drug charges ... amounts to anything less than an indication of innocence.") Ibid.

Thus, the unconditional nolle entered in the plaintiff's underlying criminal prosecution unquestionably constitutes a "favorable disposition" for purposes of this malicious prosecution action. The plaintiff's evidence that the defendant purposefully left out material facts in his warrant application makes out the remaining necessary elements. Moreover, because the plaintiff's evidence if credited by the jury established a knowing effort to mislead the state judge by the defendant, the defense of qualified immunity is unavailable.

"Three questions must be answered in determining whether a right was clearly established at the time defendants acted...: 'whether the right was defined with reasonable specificity; whether decisional law of the Supreme Court and the applicable circuit supports its existence; and whether, under preexisting law, a defendant official would have reasonably understood that his actions were unlawful.' Rodriguez v. Phillips, 66 F.3d 470, 476 (2d Cir. 1995). In evaluating a qualified immunity defense, 'the inquiry is not whether plaintiff has alleged a violation of an abstract legal standard, but whether under the particular circumstances alleged, defendants could have reasonably believed that they did not violate plaintiff's constitutional rights.' Gittens v. LeFevre, 891 F.2d 38, 42 (2d Cir. 1989). Nicholas v. Miller, 189 F.3d 191, 195 (2d Cir. 1999). But "the law of qualified immunity [does not] require[] the wearing of...blinders....[T]he important inquiry is not simply whether 'the very action in question has previously been held unlawful,' but whether the unlawfulness of the actions would

be readily apparent to reasonable...officials." <u>McClary v. Coughlin</u>, 87 F. Supp. 2d 205, 213 (W.D.N.Y. 2000). "[T]he law simply does not require that we find a prior case with the exact factual situation in order to hold that the official breached a clearly established duty." <u>Alexander v. Perrill</u>, 916 F.2d 1392, 1397 (9th Cir. 1990). "[T]he concept of clearly established law should not be applied too literally.... Instead, we merely require the parties to make a reasonable application of existing law to their own circumstances." <u>Johnson v. Martin</u>, 195 F.3d 1208, 1216 (10th Cir. 1999). Cf. <u>Anaya v. Crossroads Managed Care Systems, Inc.</u>, 195 F.3d 584, 594-95 (10th Cir. 1999). "A right is clearly established if the contours of the right are sufficiently clear that a reasonable official would understand that what he or she is doing violates that right. The question is not what a lawyer would learn or intuit from researching case law, but what a reasonable person in the defendant's position should know about the constitutionality of the conduct. The unlawfulness must be apparent." <u>McCullough v. Wyandanch Union Free School Dist.</u>, 187 F.3d 272, 278 (2d Cir. 1999).

The burden of pleading and proving a qualified immunity defense rests squarely and exclusively upon the defendant. <u>Gomez v. Toledo</u>, 446 U.S. 635, 640 (1980); <u>Harlow v. Fitzgerald</u>, 457 U.S. 800 at 815 (1982); <u>Schechter v. Comptroller of the City of New York</u>, 79 F.3d 265, 270 (2d Cir. 1996); <u>Black v. Coughlin</u>, 76 F.3d 72, 75 (2d Cir. 1996); <u>Castro v. United States</u>, 34 F.3d 106, 111 (2d Cir. 1994); <u>DiMarco-Zappa v. Cabanillas</u>, 238 F.3d 25, 35 (1st Cir. 2001); <u>Buenrostro v. Collazo</u>, 973 F.2d 39, 44 (1st

Cir. 1992); Tatro v. Kervin, 41 F.3d 9 (1st Cir. 1994); Maul v. Constan, 928 F.2d 784 (7th Cir. 1991); Houghton v. South, 965 F.2d 1532, 1536 (9th Cir. 1992); Benigni v. City of Hemet, 868 F.2d 307, 313 (9th Cir. 1988). The defendant has not carried, and can not carry, that burden on the plaintiff's version of the facts here.

The motion for summary judgment should be denied.

> THE PLAINTIFF
> ROBERT L. GRIMM
>
> BY _/s/ Elizabeth Brooks_
> ELIZABETH BROOKS
> Williams and Pattis, LLC
> 51 Elm Street, Suite 409
> New Haven, CT  06510
> 203.562.9931
> Fed Bar No. ct25225
> His Attorney

### CERTIFICATION

This is to certify that a copy of the foregoing was sent via first class mail, postage prepaid on the above stated date to the following parties and counsel of record:

Thomas R. Gerarde, Esq.
Howd & Ludorf
65 Wethersfield Avenue
Hartford, CT 06114

_/s/ Elizabeth Brooks_
ELIZABETH BROOKS