UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| ROBERT GRIMM,<br>    Plaintiff | : 3:03CV00725(DJS) |
| VS. | : |
| JOHN KRUPINSKY,<br>    Defendant | : JANUARY 13, 2004 |

### PLAINTIFF'S LOCAL RULE 56 (a)(2) STATEMENT

**I.  RESPONSE TO DEFENDANT'S CLAIMS OF FACT:**

1. Agree

2. Agree

3. Agree

4. Agree

5. Agree

6. Agree that Mrs. Grimm made a complaint to Detective Krupinsky, however Mrs. Grimm did not observe any incident on May 27, 1999. The only witness to the incident was a Ms. Susan Raymond. (Exhibits A and C)

7. Agree

8. Agree

9. Agree

10. Agree that Mrs. Grimm rented a house at 2 East Lake Road in Danbury,

1

Connecticut, however this was a multi-family residence that she shared with a Ms. Susan Raymond. The house was owned by McFarlands. (Exhibit B)

11. Agree

12. Agree

13. Agree

14. Disagree, Mrs. Raymond was the only witness to this incident (Exhibit A and C)

15. Agree

16. Agree

17. Disagree, only Ms. Raymond was a witness to this alleged incident (Ibid)

18. Agree

19. Agree

20. Agree

21. Agree

22. Agree

23. Agree

24. Agree

25. Agree

26. Agree

27. Agree

28. Agree

29. Agree that Detective Krupinsky filed for an arrest warrant, however the Detective failed to include several important facts in the arrest warrant (Exhibits D, E, and F)

30. Disagree

31. Agree that one of Detective Krupinsky's supervisors reviewed the warrant application, however the application was incomplete and did not contain all of the facts of the investigation. (Ibid)

32. Agree that the arrest warrant was reviewed by the State Attorney, however not all of the pertinent facts were included in the arrest warrant which was reviewed. (Ibid)

33. Agree that Judge Dennis Eveleigh reviewed the arrest warrant application. However, this warrant application did not include all the known facts of the investigation. (Ibid)

34. Agree

35. Agree

36. Agree

37. Agree

38. Agree

39. Disagree

40. Disagree, Detective Krupinsky never did a proper investigation to verify who

3

owned the car. (Ibid)

41. Agree that a second arrest warrant was issued and reviewed by Detective Lieutenant Mack and was approved by the State's Attorney however the second arrest warrant left out several important facts pertinent to the investigation including that Mr. Grimm owned the car in question. (Ibid)

42. Agree that Judge Eveleigh signed the warrant, however, the warrant was not complete in that it left out important facts relevant to the case in question. (Ibid)

43. Agree

44. Agree

45. Agree

46. Agree

47. Disagree. The charges against the plaintiff were unconditionally nolled and the said nolle was not the result of any negotiations. (Exhibit H)

48. Disagree. The charges against the plaintiff were unconditionally nolled and the said nolle was not the result of any negotiations. (Ibid)

I.  **PLAINTIFF'S STATEMENT OF FACTS**

1. In May of 1999, the plaintiff's then estranged wife complained to the defendant that the plaintiff was continually calling her and leaving her gifts and other items in an attempt to repair the damage to their marriage. The plaintiff's

then wife explained to the defendant that she had no interest in reconciliation. (Exhibit I)

2. Defendant Krupinsky thereafter called the plaintiff and sent the plaintiff a registered letter placing the plaintiff on notice that he was not to enter the property at which his then-wife resided. The defendant also warned the plaintiff against calling his then-wife, placing items in her mailbox or waiting for her near her residence or any location. (Exhibit J)

3. On or about July 21, 1999, the defendant signed an arrest warrant affidavit in which he accused the plaintiff of harassing his then-wife. (Exhibit K)

4. The defendant's affidavit failed to include the true content of communications from the plaintiff that he loved his then-wife, wished for reconciliation, and he wished for nothing more than her future happiness. (Exhibit D)

5. In addition the defendant never gave the judge any details about the matrimonial proceeding that was on-going. (Exhibit F)

6. Within days of completing the arrest warrant affidavit complained of above, the defendant received a telephone call that the plaintiff had been observed entering a car in the driveway of his then-wife's residence (Exhibit J)

7. The defendant filed another arrest warrant affidavit and cause the plaintiff to be arrested on additional charges while the defendant was in court to answer the first set of charges. (Exhibit G)

8. The defendant failed in this second affidavit to include such pertinent, material, and exculpatory facts as that the car the plaintiff was observed to have entered belonged to him, that the car was parked in a public area, and that the plaintiff's then wife lived in a multiple family home (Exhibit D, E, and F)

9. The defendant also failed to state that Mrs. Grimm was not home at the time of this incident with the car, that Mrs. Grimm never spoke to the police about this incident, nor did she ever make any kind of complaint. In addition she never asked that her husband be arrested as a result of his actions. (Exhibit I)

10. All criminal cases arising from these two warrants were nolled on September 11, 2000, in the Superior Court for the State of Connecticut at Danbury. (Exhibit H)

THE PLAINTIFF
ROBERT L. GRIMM

BY _____
ELIZABETH BROOKS
Williams and Pattis, LLC
51 Elm Street, Suite 409
New Haven, CT 06510
203.562.9931
Fed Bar No. ct25225
His Attorney

## CERTIFICATION

This is to certify that a copy of the foregoing was sent via first class mail, postage prepaid on the above stated date to the following parties and counsel of record:

Thomas R. Gerarde, Esq.
Howd & Ludorf
65 Wethersfield Avenue
Hartford, CT 06114

_____
ELIZABETH BROOKS

7