

NHCT
03-cv-725
kravitz

SumOrd

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 7th day of July, two thousand and five.

Present:      RALPH K. WINTER,
              ROSEMARY S. POOLER,
              SONIA SOTOMAYOR,

                        Circuit Judges.

---

ROBERT GRIMM,

               Plaintiff-Appellant,

         -v-                                                  (04-2913-cv)

JOHN KRUPINSKY,

               Defendant-Appellee.

A TRUE COPY
Roseann B. MacKechnie, Clerk
by Deputy Clerk

---

Appearing for Appellant: Norman A. Pattis, New Haven, CT

Appearing for Appellee: Thomas R. Gerarde (Jay T. DonFrancisco on the brief), Howd & Ludorf, Hartford, CT

Appeal from the United States District Court for the District of Connecticut (Kravitz, J.).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Plaintiff-appellant Robert Grimm appeals from a judgment of the district court for defendant-appellee John Krupinsky on appellant's claims of false arrest and malicious prosecution under 42 U.S.C. § 1983, and for malicious prosecution under Connecticut law. We

ISSUED AS MANDATE: 8/3/05

assume the parties' familiarity with the facts, proceedings below, and specification of issues on appeal.

We review a district court's grant of summary judgment de novo. See Steel Partners II, L.P. v. Bell Indus., Inc., 315 F.3d 120, 123 (2d Cir. 2002). Summary judgment is appropriate where, examined in the light most favorable to the nonmovant, the record shows that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Id.

Under Section 1983, the elements of claims for false arrest and malicious prosecution are controlled by state law. Davis v. Rodriguez, 364 F.3d 424, 433 (2d Cir. 2004); Cook v. Sheldon, 41 F.3d 73, 79 (2d Cir. 1994). Under Connecticut law, an absence of probable cause is an essential element of both false arrest and malicious prosecution. Davis, 364 F.3d at 433; McHale v. W.B.S. Corp., 187 Conn. 444, 447 (1982).

Probable cause exists given reasonably trustworthy information that would lead a person of reasonable caution to believe that a crime has occurred. Martinez v. Simonetti, 202 F.3d 625, 634 (2d Cir. 2000). An officer need not eliminate every plausible claim of innocence before making an arrest. Caldarola v. Calabrase, 298 F.3d 156, 167–68 (2d Cir. 2002).

An officer is entitled to qualified immunity from money suits under Section 1983 if there is arguable probable cause, i.e., it was reasonable to believe that there was probable cause or officers of reasonable competence could disagree as to the existence of probable cause. Escalera v. Lunn, 361 F.3d 737, 743 (2d Cir. 2004). The issuance of a warrant by a neutral magistrate creates a presumption of arguable probable cause that can be overcome by showing that that the affiant knowingly or recklessly omitted material information necessary to the finding of probable cause. Golino v. City of New Haven, 950 F.2d 864, 870–71 (2d Cir. 1991). Thus, where an officer knew or had reason to know that he materially misled a magistrate in applying for a warrant, or where he omitted information clearly critical to the probable cause determination, qualified immunity is not available. Golino, 950 F.2d at 871; Rivera v. United States, 928 F.2d 592, 604 (2d Cir. 1991).

In the present case, we conclude that none of the omissions identified by Grimm strip Krupinsky of qualified immunity. The ongoing divorce proceedings and content of the harassing communications are irrelevant. Even if Grimm's ultimate goal was to achieve a reconciliation with his wife, he chose to do so by harassing means for more than a year, and continued to do so even after Krupinsky explicitly instructed him to desist. The ownership of the car is irrelevant as well, as the trespass charge was predicated on Grimm's intrusion onto the premises of his wife's home. The fact that Grimm's wife was merely a tenant in a home that included a separate apartment with a separate occupant may be relevant to the issue of whether Grimm was ordered to leave the property by the owner or other authorized person. See State v. LoSacco, 12 Conn. App. 172, 177–78 (1987). However, Krupinsky does not appear to have been aware of these facts, nor was he aware of any facts that would have led him to investigate further. We hold that these facts were not clearly critical in the context of the known facts, and that Krupinsky neither knew nor had reason to know of the omission from his affidavit. Krupinsky was thus entitled to immunity from the Section 1983 claims.

For much the same reasons, we further hold that probable cause existed as a matter of law. Grimm's continued attempts to contact his wife, despite unequivocal rejections of such contacts for over a year, would lead a person of reasonable caution to believe that Grimm was guilty of harassment. Likewise, Grimm's uninvited presence on property that he had been ordered to stay away from would lead a person of reasonable caution to believe that Grimm was guilty of trespass. Further investigation might have undermined this latter claim, but no further investigation was required and in this inquiry we rely solely on the information then available to Krupinsky. Caldarola, 298 F.3d at 167–68. Therefore, Grimm's state law claim cannot be sustained. Furthermore, because probable cause existed, we need not reach the issue of whether a nolle prosequi is a favorable termination of criminal proceedings under Connecticut law.

For the above reasons, we affirm the judgment of the district court.

FOR THE COURT:
Roseann B. MacKechnie, Clerk

By: _____
Richard Alcantara, Deputy Clerk

3